## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO. |
| | : | |
| v. | : | VIOLATION: |
| | : | 18 U.S.C. § 1343 (Wire Fraud) |
| **ZHONG CHEN,** | : | |
| | : | FORFEITURE: 18 U.S.C. § 981(a)(1)(C), |
| Defendant. | : | 28 U.S.C. § 2461(c) |

## INFORMATION

The United States Attorney charges:

## COUNT ONE
## (Wire Fraud)

1.  Zhong Chen resided in Maryland.

2.  Chen was the sole owner of the Shanghai Tokyo Café restaurants. One was located in Washington, D.C; the other was located in College Park, Maryland ("Chen's Restaurants").

3.  The Paycheck Protection Program ("PPP") was a COVID-19 pandemic relief program administered by the Small Business Administration ("SBA") that provided forgivable loans to small businesses for job retention and certain other expenses. PPP loans were fully guaranteed by the SBA.

4.  To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation and either had employees for whom it paid salaries and payroll taxes or paid independent contractors.

5. PPP loan applications were electronically submitted or caused to be submitted by the borrower and received through SBA servers located in Virginia or Oregon. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

6. The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrowers to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

7. In response to the COVID-19 pandemic, the SBA also offered certain entities, including small business owners, Economic Injury Disaster Loans ("EIDL"). These loans were provided directly from the SBA and were low-interest, fixed-rate, long-term loans. EIDL loan proceeds could be used for working capital to make regular payments for operating expenses, including payroll, rent/mortgage, utilities, and other ordinary business expenses, and to pay business debt.

**The Scheme**

8. From in or about May 2020 through in or about July 2021, Chen devised a scheme to defraud the United States government's Small Business Administration and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

**Manner and Means**

9. Chen used the following manner and means in furtherance of the scheme:

   a. Between approximately May 2020 and July 2021, Chen applied for PPP and EIDL loans, which resulted in Chen's Restaurants receiving approximately $964,843 in PPP and EIDL Loans.

b.  Chen falsely certified on loan applications that he would use all loan proceeds only for business-related purposes knowing and intending that he would misappropriate some loan proceeds to personal investment accounts to allow him to engage in day trading.

### Execution of the Scheme

10. On or about January 27, 2021, Chen, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce signals and sounds, when he applied for an approximately $91,736 PPP loan for his D.C. restaurant and falsely certified that all loan proceeds would be used only for business-related purposes.

**(Wire Fraud, in Violation of Title 18, United States Code, Section 1343)**

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $354,520.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

Date: January 26, 2024          By: _____
Kondi J. Kleinman
California Bar No. 241277
Assistant United States Attorney
Fraud, Public Corruption & Civil Rights Section
601 D Street, N.W. | Washington, D.C. 20530
(202) 252-6887 | kondi.kleinman2@usdoj.gov